FRANCISCO GALENO CABÁN, Plaintiff and Appellee, *v.* TORIBIO ABRUÑA, Defendant, and JOAQUÍN R. RODRÍGUEZ, Defendant and Appellant.

No. 4861. Argued February 11, 1930.—Decided April 3, 1930.

*A. Reyes Delgado,* for appellant. *A. Lens Cuena* and *F. M. Susoni Jr.,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This is the appeal of Joaquín R. Rodríguez from a judg-

770

ment of the District Court of Arecibo. As held by that court in a careful opinion, when a person along with another signs a joint and several promissory note he is a principal debtor in accordance with *Cintrón & Aboy* v. *Solá,* 22 P.R.R. 245, 250. As held by the court below, it makes no difference that the money loaned, the consideration for the note, passed exclusively to the other person. There is no contract of suretyship unless the parties so agree, and we do not find such an agreement in the evidence. In the case at bar the plaintiff loaned the money to Abruña, brother in law of Rodríguez, upon the agreement that the latter should also be responsible. Section 1752 of the Civil Code therefore is not applicable and it is unnecessary to consider the manner in which a surety may be released.

The promissory note was to mature on May 30th, 1927, and bore no interest until after maturity. The evidence showed that in July, 1927, the plaintiff presented an account to the debtor Abruña, which charged up the original debt of $1,000 with interest at 9 per cent amounting to $9.50 and also credits. A letter showed a similar thing. The appellant argues that a novation was created. However, we discover no intention on the part of the plaintiff to merge the promissory note against two, into an open account against one. As held by the court below, there was no incompatibility.

Although the plaintiff may have presented an account in which he only claimed interest at 9 per cent, this constituted no estoppel to claim the interest of 12 per cent agreed upon in the note.

The judgment will be affirmed.